IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE EDWARD WILLIAMSON, DW-1628, )
      Petitioner, )
       )
          v. ) 2:09-cv-97
       )
MS. DON M. CHAMBERLAIN, et al., )
      Respondents. )

MEMORANDUM AND ORDER

Mitchell, M.J.:

      Maurice Edward Williamson, an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied. An appropriate Order and Judgment will be entered.

      Maurice Edward Williamson is presently serving a twenty-two and a half to forty-five year sentence imposed following his conviction, by a jury of aggravated assault, uniform firearms act violation and robbery at Nos. CC 199512777 and 199609343 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]  This sentence was imposed on December 2, 1996.[2]

      An appeal was taken to the Superior Court in which the issues presented were:

---

[1] The petitioner was sentenced to 10-20 years for aggravated assault, a consecutive 2 ½ -5 year sentence for carrying a firearm without a licence and a concurrent 10-20 year sentence for robbery.

[2] See: Petition at ¶¶ 1-7.

1

I. The trial court committed reversible error by permitting Deborah Young to read verbatim from her letter which contained reference to appellant's incarceration for other crimes and by failing to give a curative instruction immediately or at any time thereafter.

II. Trial counsel was ineffective for:

A. Failing to ask for mistrial after the trial court permitt[ed] the admission of the reference to appellant's prior incarceration and its failure to give a curative instruction immediately thereafter.

B. "Opening the Door" and providing the Commonwealth with the opportunity to elicit the testimony regarding appellant's prior incarceration; and

C. Failing to adequately prepare the defense including failing to investigate an alibi defense.

III. The trial court erred in denying appellant's motion for judgment of acquittal for Count 2 of CC No. 9512777 (violation of uniform firearms act) in that the Commonwealth failed to produce sufficient evidence.

IV. The trial court erred in denying appellant's pre-trial motion to suppress the in and out of court identifications by Deborah Young and Jonathan Roberts in that the circumstances of the out of court identifications gave rise to a substantial likelihood of his misidentification.[3]

On April 3, 1998, the judgment of sentence was affirmed.[4]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which

the questions presented for review were:

I. Whether the Superior Court's determination that the admission of a reference to petitioner's prior incarceration for the purpose of establishing a lack of prejudice or bias of a Commonwealth witness was proper in light of the highly prejudicial nature of this reference and the marginal probative value of said evidence.

II. Whether the harmless error standard applied by the Superior Court in

---

[3] See: Exhibit 20 to the answer of the Commonwealth.

[4] See: Exhibit 23 to the answer of the Commonwealth.

determining that the admission of this reference was proper in light of this court's prior decisions in *Commonwealth v. Allen* and *Commonwealth v. Spruill*.[5]

On September 8, 1998, leave to appeal was denied.[6]  Williamson did not submit a petition for a writ of certiorari.[7]

On July 16, 1999, a post-conviction petition was filed in the Court of Common Pleas.[8]  On February 26, 2003, post-conviction relief was denied.[9] A pro-se appeal was taken to the Superior Court, and on April 14, 2004, the Superior Court vacated the dismissal of his post-conviction petition and remanded the matter for the appointment of counsel as a result of the failure of Williamson's post-conviction counsel to comply with court requirements.[10] Counsel was appointed to represent the petitioner and a new post-conviction petition was filed. At petitioner's request, appointed counsel was withdrawn from the case, but new counsel was not appointed for him. On June 13, 2006, the post-conviction petition was dismissed.[11]

A pro-se appeal was taken to the Superior Court in which the issues presented were:

I. The trial court erred when failing to merge the sentences for robbery and aggravated assault in that a singular act of violence resulting in the infliction of serious bodily injury was relief upon to establish the elements of both allegations.

II. The trial court erred or otherwise abused its discretion in denying of

---

[5] See: Exhibit 24 to the answer of the Commonwealth.

[6] See: Exhibit 25 to the answer of the Commonwealth.

[7] See: Answer of the Commonwealth at p.8.

[8] See: Exhibit 27 to the answer of the Commonwealth.

[9] See: Exhibit 41 to the answer of the Commonwealth.

[10] See: Exhibit 48 to the answer of the Commonwealth.

[11] See: Exhibit 55 to the answer of the Commonwealth.

defendant's timely request for a pretrial lineup and then a lineup being held without prior notice to the defense in such a manner as to deny defendant assistance of counsel and a fair trial.

III. The trial court violated defendant's Fifth (5th) Amendment rights of the United States Constitution, and Article (1), Section (9), of the Pennsylvania Constitution which guards against self incrimination, in that the trial court conducted an illegal pretrial lineup without providing prior notice to the defendant while defendant was dressed in prison attire.

IV. The Commonwealth committed misconduct in failing to disclose the prior taped statement of the witness, Deborah Young, tending to indicate bias as motive or that would otherwise impeach her testimony; thereby denying defendant of due process and a fair trial.

V. Trial counsel is ineffective for:

> A. Failing to move for the suppression of the in court, and out of court identifications of the witness Deborah Young, and the victim Jonathan Roberts, in that those identifications gave rise to a substantial likelihood of irreparable misidentification.

> B. Failing to argue that the sentencing procedure used by the trial court, applying 42 Pa.C.S.A. § 9714(a)(1), was an abuse of discretion.

VI. Trial and appellate counsel are ineffective for:

> A. Failing to move for the suppression of the latent prints used to aid in defendant's conviction as insubstantial evidence and appellate counsel was ineffective in his failure to pursue this issue on direct appeal.

> B. Failing to argue the essential claims of petitioner's illegal sentence, defendant's timely request for a pretrial lineup, and in failing to file a motion to have latent palm prints suppressed.

VII. The trial court abused its discretion by sentencing petitioner to jurisdictional maximums, consecutively, at each count for which petitioner was convicted and that this sentence exceeded the guidelines.

VIII. The trial court erred or otherwise abused its discretion by using defendant's prior juvenile adjudication for robbery as a prior conviction for purposes of

applying 42 Pa.C.S.A. § 9714(a)(1).

IX. The trial court erred or otherwise abused its discretion by using defendant's prior conviction of assault by prisoner as a crime of violence for purposes of applying 42 Pa.C.S.A. § 9714 (a)(1).

X. PCRA counsel J. Richard Narvin, is ineffective for failing to investigate, and to interview witnesses who would be able to provide evidence to this honorable court which would lead to the probability that the outcome of the trial would be different.

XI. PCRA counsel is ineffective for failing to raise defendant's amended issues upon specific instructions from defendant and failed otherwise to file an advocate's brief with amended PCRA petition upon direct instructions from the Superior Court of Pennsylvania.

XII. The evidence presented at trial was insufficient in weight to sustain the verdicts of guilt or alternatively would have been had counsel moved to suppress defendant's latent palm prints after pretrial investigation and the Commonwealth had not withheld material evidence relating to the credibility of its key witness.[12]

On December 5, 2007, while retaining jurisdiction, the Superior Court vacated the denial of post-conviction relief on the grounds that the post-conviction court failed to conduct an on-the-record determination of whether or not the petitioner's waiver of post-conviction counsel was knowingly, intelligently and voluntarily made.[13]

On remand, new counsel was appointed to represent the petitioner.[14] Counsel then filed an appellate brief with the Superior Court in which the sole issue presented was:

I. Was direct appellate counsel ineffective for failing to raise and litigate trial counsel's ineffective for failing to request a modification or reconsideration of sentence where the trial court clearly abused its discretion in sentencing appellant

---

[12] See: Exhibit 59 to the answer of the Commonwealth.

[13] See: Exhibit 62 to the answer of the Commonwealth.

[14] See: Exhibit 64 to the answer of the Commonwealth.

excessively above the guidelines to the statutory maximum? [15]

On August 13, 2008, the denial of post-conviction relief was affirmed.[16]

A petition for allowance of appeal was filed in the Supreme Court in which the issue

presented was:

I. Was direct appellate counsel ineffective for failing to raise and litigate trial counsel's ineffectiveness for failing to request a modification or reconsideration of sentence where the trial court clearly abused its discretion in sentencing petitioner excessively above the guidelines to the statutory maximums?[17]

On December 20, 2008, leave to appeal was denied.[18]

On January 20, 2009, Williamson executed the instant petition in which he contends he is

entitled to federal habeas relief on the following grounds:

I. The trial court erred when failing to merge the sentences for robbery and aggravated assault in that a singular act of violence resulting in the infliction of serious bodily injury was relief upon to establish the elements of both allegations.

II. The trial court erred or otherwise abused its discretion in denying defendant's timely request for a pretrial lineup, after allowing a lineup to be held without prior notice to the defense in such a manner as to deny defendant assistance of counsel and a fair trial.

III. The trial court violated defendant's Fifth (5) amendment rights of the United States Constitution, and Article (1), Section (9), of the Pennsylvania Constitution which guards against self incrimination, in that the trial court conducted an illegal pretrial lineup without providing notice to the defendant while defendant was dressed in prison attire.

---

[15] See: Exhibit 65 to the answer of the Commonwealth.

[16] See: Exhibit 67 to the answer of the Commonwealth. The petitioner also filed a second post-conviction petition in the Court of Common Pleas of August 28, 2008 (Exhibit 71).

[17] See: Exhibit 69 to the answer of the Commonwealth.

[18] See: Exhibit 70 to the answer of the Commonwealth.

IV. The Commonwealth committed misconduct in failing to disclose the prior taped statement of witness, Deborah Young, tending to indicate bias as motive or that would otherwise impeach her trial testimony; thereby denying defendant of due process and a fair trial.

V. Trial counsel is ineffective for:

      A. Failing to move for the suppression of the in court, and out of court identifications of the witness Deborah Young, and the victim Jonathan Roberts, in that those identifications gave rise to a substantial likelihood of irreparable misidentification.

      B. Failing to argue that the sentencing procedure used by the trial courts, applying 42 Pa.C.S.A. § 9714(a)(1) was an abuse of discretion.

VI. Trial and appellate counsel are ineffective for:

      A. Failing to move for the suppression of the latent prints used to aid in defendant's conviction as insubstantial evidence and appellate counsel was ineffective in his failure to pursue this issue on direct appeal.

      B. Failing to argue the essential claims of defendant's illegal sentence, defendant's timely request for a pretrial lineup, and in failing to file a motion to have latent palm prints suppressed.

VII. The trial court abused its discretion by sentencing petitioner to jurisdictional maximums, consecutively, at each count for which petitioner was convicted and that this sentence exceeded the guidelines.

VIII. The trial court erred or otherwise abused its discretion by using defendant's prior juvenile adjudication for robbery as a prior conviction for purposes of applying 42 Pa.C.S.A. § 9714(a)(1).

IX. The trial court erred or otherwise abused its discretion by using defendant's prior conviction of assault by prisoner as a crime of violence for purposes of applying 42 Pa.S.C.A. § 9714(a)(1).

X. PCRA counsel was ineffective for failing to investigate, and to interview witnesses who would be able to provide evidence to this honorable court which would lead to the probability that the outcome of the trial would be different.

IX. PCRA counsel is ineffective for failing to raise defendant's amended issues upon specific instructions from defendant and failed otherwise to file an advocates brief with amended PCRA petition upon direct instructions from the Superior Court of Pennsylvania.

XII. The evidence presented at trial was insufficient in weight to sustain the verdicts of guilt or, alternatively, would have been had counsel moved to suppress defendant's latent palm print after pretrial investigation and the Commonwealth had not withheld material evidence relating to the credibility of its key witness.[19]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine

---

[19] See: Petition at ¶ 13. We also note that these issues are identical to the ones raised by the petitioner in his pro se appeal from the denial of post-conviction relief (Exhibit 59 to the answer of the Commonwealth), but not later contained in his counseled appellate brief after the remand on procedural and not substantive grounds (See: Exhibit 62 to the answer of the Commonwealth). The counseled appeal was limited to the claim alleging that the imposed sentence was excessive (See: Exhibits 65 and 69 to the answer of the Commonwealth).

whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

9

In the instant case, the only issue which the petitioner raised in his direct appeal to the Pennsylvania Supreme Court was whether or not the petitioner suffered prejudice as a result of the jury learning of his prior incarceration and the only issue which was raised in the appellate courts in his post-conviction proceedings concerned the allegedly excessive sentence imposed upon him.[20]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here.  Rather, the record demonstrates that the only issue which the petitioner seeks to raise here and which was properly raised in the Pennsylvania appellate courts regards the severity of the sentence imposed. In addition, we observe that the issue as presented to the Pennsylvania appellate courts was based on state and not federal law. In Duncan v. Henry, 513 U.S. 364 (1995) the Court concluded that the state courts must be provided with an

---

[20] Although in his original appeal from the denial of post-conviction relief, the petitioner sought to raise the identical issues which he seeks to raise here, it is also apparent that the Superior Court retained jurisdiction and remanded the matter without reviewing the merits for the trial court to determine whether or not petitioner validly waived his right to be represented by counsel. Following a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), it was concluded that the petitioner did desire the appointment of appellate counsel and counsel was appointed to represent him. Newly appointed counsel submitted appellate briefs (Exhibit 65 and 69 to the answer of the Commonwealth) which did not reference the issues which the petitioner originally sought to raise pro-se , and instead only raised the issue of the alleged ineffective assistance of counsel for failing to challenge the discretionary aspects of the sentence. This was the only issue considered by the Superior Court (See: Exhibit 67 at p.3 to the answer of the Commonwealth). Thus, unlike Holloway v. Horn, 355 F.3d 707 (3d Cir.2004), the issues raised in the petitioner's pro-se appeal were not properly before the Superior Court for its initial review and for this reason are likewise not procedurally properly before this Court.

opportunity to determine whether a violation of a federally protected rights occurred before that right may be asserted in a federal habeas corpus petition. Thus, it would appear that the petitioner is now barred from raising the claim as one based on federal law. As set forth in Baldwin v. Reese, 541 U.S. 27 (2004), the state appellate courts must be put on notice that a defendant is challenging his conviction both on state and federal bases, and even though the denial of the effective assistance of counsel claim may be subject to the same standards in both federal and state courts, in order to have fairly presented the issue the defendant must specifically set forth his federal grounds in state court.

In this regard, we have examined petitioner's brief to the Superior Court and Petition for Allowance of Appeal to the Pennsylvania Supreme Court, and note that not one federal case or statute is cited to the Courts therein.[21] For this reason, we conclude that the federal issue was not presented to the state courts for their consideration in the first instance, and for this reason is barred here. Thus, we note, that eleven of the twelve issues which the petitioner seeks to raise here were not presented to the state courts in the first instance and are procedurally defaulted here, and the remaining issue was not presented to those courts as a violation of federally protected rights.

Accordingly, Williamson's petition here is without merit, and will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order and Judgment will be entered.

---

[21] See: Exhibits 65 and 69 to the answer of the Commonwealth.

11

ORDER


AND NOW, this 22nd  day of July, 2009, for the reasons set forth above, the petition of

Maurice Edward Williamson for a writ of habeas corpus is dismissed and because reasonable

jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.


s/ Robert C. Mitchell
United States Magistrate Judge